IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
16 OCT 21  PM 2:48
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ W
          DEPUTY CLERK

YAJAIRA LIMON LOPEZ,
        Movant,

-vs-

UNITED STATES OF AMERICA,
        Respondent.

Case No. A-16-CA-1144-SS
[No. A-16-CR-011(6)-SS]

# ORDER

BE IT REMEMBERED on this day the court reviewed the file in the above-styled cause, and specifically Movant Yajaira Limon Lopez's Motion Under 28 U.S.C. § 2255 [#202]. Lopez moves the court for a new sentence pursuant to Amendment 794 to the United States Sentencing Guidelines. Having considered the § 2255 motion, the court has determined a response from the Government is unnecessary and Lopez's motion is denied.

## Background

On January 19, 2016, Movant Yajaira Limon Lopez was charged in a one-count Indictment with conspiracy to commit mail fraud. Pursuant to a plea agreement, Lopez entered a plea of guilty to the Indictment. Having accepted Lopez's plea, the Court sentenced her on August 12, 2016, to 51 months' imprisonment followed by a 3-year term of supervised release. Lopez did not file a direct appeal.

Lopez files a motion pursuant to 28 U.S.C. § 2255 premised upon Amendment 794 to the Sentencing Guidelines. Lopez argues she is entitled to a new sentence.

## Legal Standard

Section 2255 provides relief for a convicted federal criminal defendant who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir.), *cert. denied*, 133 S. Ct. 1282 (2013); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); 28 U.S.C. § 2255(a).

## Analysis

In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense. The Amendment went in to effect on November 2, 2015, before Lopez was sentenced.

Lopez is not entitled to relief under § 2255. Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.* Lopez's challenge could have been raised on direct appeal.

Moreover, had Lopez requested at the time of sentencing a downward adjustment for a mitigating role, the Court would have denied it. Lopez's conduct, as described in the PSR, could hardly be described as minimal or minor.

## Certificate of Appealability

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Lopez's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not issue.

## Conclusion

Accordingly:

IT IS ORDERED that Movant Yajaira Limon Lopez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#202] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 21st day of October 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE